IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN 30 PM 3: 16

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

CHARTER OAK FIRE INSURANCE        )
COMPANY, THE TRAVELERS HOME &     )
MARINE INSURANCE COMPANY, THE     )
AUTOMOBILE INSURANCE COMPANY OF   )
HARTFORD, CONNECTICUT,            )
                                  )
       Plaintiffs,                )
                                  )
v.                                )   No. 04-2941 Ml/V
                                  )
WILLIAM DEAN RADEFELD, MARK       )
RADEFELD, THE BAKERY, INC. and    )
BRENDA K. FULLER,                 )
                                  )
       Defendants.                )

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS**

Before the Court is the motion to dismiss of Defendant Mark Radefeld, filed on February 4, 2005, and supplemented with a memorandum in support of the motion to dismiss on February 25, 2005; the notice of motion to dismiss of Defendant Brenda K. Fuller, filed February 1, 2005; and the motion to dismiss of Defendant William Dean Radefeld, filed March 10, 2005. Plaintiffs responded in opposition to the respective motions on March 1, 2005, and in two separate submissions filed on April 5, 2005. For the following reasons, Defendants' motions to dismiss are DENIED.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on ___7-1-05___

The instant case is a declaratory judgment action filed by Plaintiff insurers which seeks a declaration that Defendants Mark Radefeld, William Dean Radefeld, and the Bakery, Inc. (the "Radefeld Defendants") are not entitled to coverage pursuant to insurance policies issued by Plaintiffs for injuries sustained by Defendant Brenda K. Fuller, purportedly due to the Radefeld Defendants' negligence. Defendant Fuller has sued the Radefeld Defendants for negligence in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis, seeking compensation for injuries she sustained due to their alleged negligence. Plaintiffs, however, are not currently a party to that litigation or any other litigation in Tennessee courts involving any of the Defendants.

Defendants contend that Plaintiffs' Complaint should be dismissed because it fails to state a claim upon which relief may be granted and because the Court should decline to exercise its discretion to assert jurisdiction over Plaintiffs' declaratory judgment action. The Court will address these contentions in turn.

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true. Saylor v. Parker Seal Co.,

975 F.2d 252, 254 (6th Cir. 1992). Furthermore, the court must construe all of the allegations in the light most favorable to the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a [claim under Rule 12(b)(6)] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Defendants contend that Plaintiffs fail to state a claim upon which relief may be granted because Plaintiffs have not specified in their Complaint the terms of the parties' insurance coverage agreements upon which Plaintiffs rely in asserting that they are entitled to a declaratory judgment. It is clear from the face of the Complaint, however, that Plaintiffs assert that Defendants are not entitled to coverage under the relevant policies noted in the Complaint. No further specificity is required at this stage. Treating all of the well-pled allegations in the Complaint as true and drawing all inferences in favor of the Plaintiffs', the Court therefore finds that Plaintiffs have adequately pled their cause of action. Accordingly, Defendants' motions to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) are DENIED.

The Court next addresses Defendants' contention that the Court should decline to exercise its discretion to assert jurisdiction over Plaintiffs' declaratory judgment action. The

3

Declaratory Judgment Act, 28 U.S.C. § 2201, allows Federal courts to entertain declaratory judgment actions. 28 U.S.C. § 2201.[1] Federal District Courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." AmSouth Bank v. Dale, 386 F.3d 763, 785 (6th Cir. 2004)(citing Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995)). "[T]he propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." Id. (citations and internal quotation marks omitted). Such concerns are heightened when there are pending state court proceedings involving the same issues of state law. Id. The United States Court of Appeals for the Sixth Circuit has adopted the following five factor test to determine when a federal

---

[1] 28 U.S.C. § 2201 provides:
> (a) In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

district court should exercise jurisdiction over a declaratory judgment action:

> (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

Id. (citation and internal quotation marks omitted).

Based upon the five AmSouth factors, the Court finds that it may appropriately exercise its discretion to assert jurisdiction over Plaintiffs' declaratory judgment action. First, the resolution of Plaintiffs' declaratory judgment action will clarify legal relations at issue by settling the controversy of whether the Radefeld Defendants are entitled to insurance coverage pursuant to the relevant policies. Further, the Court finds that Plaintiffs are not utilizing their action for procedural fencing or to race for res judicata and that this action would not increase friction between federal and state courts or encroach upon state court jurisdiction because the Plaintiffs are not parties to the state court litigation between the Defendants. Finally, Defendants do not point to any appropriate alternative remedy. Accordingly, Defendants' motion to dismiss Plaintiffs' Complaint based upon the Court's

5

discretion to exercise jurisdiction over Plaintiffs' declaratory judgment action is DENIED.

For the reasons stated, Defendants' motions to dismiss Plaintiffs' Complaint are DENIED.

So ORDERED this 30th day of June, 2005.

/s/ Jon P. McCalla
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 14 in case 2:04-CV-02941 was distributed by fax, mail, or direct printing on July 1, 2005 to the parties listed.

---

John P. Wade
STEWART & WILKINSON, PLLC
22 N. Front St.
Ste. 850
Memphis, TN 38103

William David Darnell
SPICER FLYNN & RUDSTROM-Memphis
80 Monroe Ave.
Ste. 500
Memphis, TN 38103--246

Stuart A. Wilson
SHUTTLEWORTH WILKINSON & WILSON
22 N. Front Street
Ste. 850
Memphis, TN 38103

Reed L. Malkin
LAW OFFICE OF REED MALKIN
100 N. Main St.
Ste. 1909
Memphis, TN 38103

Marc O. Dedman
SPICER FLYNN & RUDSTROM
80 Monroe Ave.
Ste. 500
Memphis, TN 38103--246

Honorable Jon McCalla
US DISTRICT COURT